ANNIE W. WRIGHT v. HENRY W. PATTERSON, HARRIET PATTERSON, ALEX'R FINDLATER AND MARY A. FINDLATER.

*Redemption from foreclosure—Fictitious purchase.*

The owner of premises twice mortgaged conveyed them subject to the mortgages after the first had been foreclosed. Before the time of redemption had expired the grantee paid the mortgage, and having obtained a quit-claim to his wife from the first mortgagee, claimed that she held in her own right under a foreclosure from which the property had not been redeemed, and that the second mortgage was cut off. *Held,* that as her name was only used as a cover where her husband was the real party in interest, and as the transaction was probably understood by the mortgagee as substantially a redemption, no equity was made out in the wife's favor.

Appeal from Midland.    Submitted Jan. 5–6.    Decided Jan. 12.

FORECLOSURE.    Defendant appeals.    Affirmed.

*John Moore*, for complainant, cited *Emerson v. Atwater* 7 Mich. 17: 22 Mich. 35; *Crawford v. Edwards* 33 Mich. 358; *Miller v. Thompson* 34 Mich. 10; *Huxley v. Rice* 40 Mich. 73; *Manwaring v. Powell* id. 371.

*James Van Kleeck* for defendant, Mary A. Findlater, urged that his client had the same right as a stranger to invest her money in the property redeemed by her husband: *Gantz v. Toles* 40 Mich. 726; and that it would make no difference to the mortgagee whether the mortgage interest was owned by the former mortgagee or by her, as purchaser of it: *Hall v. Harrington* 41 Mich. 146.

CAMPBELL, J.  Complainant filed his bill to foreclose a second mortgage made by defendant Patterson to James S. Eastman and another, and ultimately assigned to him.  A previous mortgage made to one Jennings was foreclosed by advertisement.

Before this foreclosure became absolute Patterson conveyed the premises, and the remainder of the tract of which they formed a part, to Alexander Findlater, by deed made expressly subject to both of the mortgages.  Before the time of redemption ran out, Findlater informed Jennings of his desire to pay the mortgage and told him he wanted Jennings to quit-claim to his wife, which Jennings did, about four months before the redemption expired.  Mrs. Findlater now claims that she holds in her own right under that foreclosure as unredeemed, and that the second mortgage was cut off.

We agree with the court below that her name was only used as a cover for a transaction in which her husband was the real party in interest.  The transaction was understood by Jennings as substantially a redemption, and had he not so understood it he would not probably have made the conveyance in the form he adopted.  We do not think any equity is made out for Mrs. Findlater, and we do not think the place was bought with her money.

The decree must be affirmed with costs.

The other Justices concurred.